UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HUNTER ALEXANDER, )
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )      No. 1:26-cv-00525-JPH-MJD
                                                  )
JOHN DOES,                                        )
I.R.S.,                                           )
U.S. POSTAL,                                      )
                                                  )
                    Defendants.                   )

**ORDER SCREENING AND DISMISSING COMPLAINT,
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
AND WARNING OF FILING RESTRICTION**

This week, plaintiff Hunter Alexander has flooded this Court with frivolous lawsuits. *See Alexander v. Does, Car Makers*, 1:26-cv-00528-JMS-KMB (S.D. Ind. Mar. 18, 2026); *Alexander v. Does (old electrical in HUMS, septic in dirt, water lines in dirt)*, 1:26-cv-00521-TWP-MG (S.D. Ind. Mar. 18, 2026); *Alexander v. John Does (Microwave, Stove, Prop[a]ne, LLC)*, 1:26-cv-523-MPB-MG (S.D. Ind. Mar. 18, 2026) (S.D. Ind. Mar. 18, 2026); *Alexander v. John Does, Trash Companies, EPA*, 1:26-cv-00526-JRS-KMB (S.D. Ind. Mar. 18, 2026); and *Alexander v. John Doe, Gas Stations*, 1:26-cv-00531-SEB-TAB (S.D. Ind. Mar. 19, 2026).

In this Order, the Court rules on Mr. Alexander's motions, screens and dismisses his complaint, and warns Mr. Alexander about frivolous litigation.

1

### I.    Motion to Proceed *In Forma Pauperis*

The motion to proceed *in forma pauperis*, dkt. [3], is **granted** to the extent that the plaintiff is **assessed an initial partial filing fee of $18.32**. *See* 28 U.S.C. § 1915(b)(1); *Whitaker v. Dempsey*, 83 F.4th 1059, 1061 (7th Cir. 2023) (stating that even a prisoner with $2000 in assets might be eligible to proceed *in forma pauperis*). Mr. Alexander shall have **through April 17, 2026**, in which to pay this sum to the clerk of the district court.

He is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and his custodian.

### II.    Screening and Dismissal of the Complaint

#### A. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

Mr. Alexander names the IRS, the U.S. Postal Service, and "John Does" as defendants.

Mr. Alexander alleges that the U.S Postal Service introduced a new currency denominated as "$000.59³" which "is considered a tenth" and that this denomination does not exist. He alleges that this invalid "tenth" currency has snowballed into tax-related problems. Mr. Alexander alleges that his incarceration has caused him to lose business documents, which has impeded his ability to address tax matters and maintain records.

Mr. Alexander seeks damages.

### C. Dismissal of the Complaint

The complaint must be **dismissed for failure to state a claim and as frivolous**.

A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is factually frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d

3

632, 635 (7th Cir. 2016) (cleaned up). "A claim is *legally* frivolous if it is 'based on an indisputably meritless legal theory.'" *Id.* (quoting *Neitske*, 490 U.S. at 327–28). Here, Mr. Alexander's allegation that a new "tenth" denomination has been introduced is plainly factually frivolous.

Mr. Alexander's claim that he has difficulty filing tax records or maintaining business records due to his incarceration is not factually frivolous. But he does not allege, nor could he, that either the IRS or the Postal Service was involved in this issue. Thus, this claim is dismissed for failure to state a claim upon which relief can be granted. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted).

In almost all cases where a plaintiff is proceeding pro se, the plaintiff should be provided an opportunity to amend his complaint or show cause why the case should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Such a step is unnecessary here where there is no chance that Mr. Alexander could file an amended complaint that states a viable claim related to the allegations, such as they are, in his complaint. *See Egwuenu v. Charles Schwab & Co.*, 834 F. App'x 245 (7th Cir. Jan. 21, 2021) (unpublished) (noting dismissal with prejudice,

4

without leave to amend, was justified in case where plaintiff had previously filed frivolous cases about "the same vast, persistent conspiracy."). Accordingly, this case is **dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted**. Final judgment consistent with this Order shall now issue.

### III.     Motion for Counsel

Mr. Alexander has filed a motion for assistance recruiting counsel. Dkt. 4. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

Courts may consider the merits of a plaintiff's claim when deciding whether to recruit counsel. *Id.* at 766. Here, it would not be in the interest of justice to recruit counsel for a wholly meritless case. Thus, the motion to appoint recruited counsel, dkt. [4], is **denied**.

### IV.     Warning Regarding Strikes and Frivolous Lawsuits

Because this case is being dismissed for failure to state a claim, Mr. Alexander is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three

cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition). A plaintiff who has struck out cannot proceed *in forma pauperis* unless he alleges that he is "in imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Additionally, the Court has a duty to deter frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

The Court **warns** Mr. Alexander that this pattern of litigation must stop, or he risks filing restrictions. If Mr. Alexander continues to file frivolous pleadings, the Court will restrict him from filing new actions or motions in this Court and may elect to assess fines against him.

### V.    Conclusion

Mr. Alexander's motion to proceed *in forma pauperis*, dkt. [3], is **granted**. He has **through April 17, 2026**, to pay the Court **$18.32**. Once he does, the

6

Court will issue a collection order to collect the rest of the filing fee.[1] Mr. Alexander's motion to appoint counsel, dkt. [4], is **denied**.

This case is **dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted**. Final judgment consistent with this Order shall now issue.

Mr. Alexander is warned that the dismissal of this action may constitute a strike under 28 U.S.C. 1915(g). He is further warned that if he persists in filing frivolous lawsuits in this Court, the Court may sanction him by restricting him from filing new actions or motions in this Court or imposing monetary sanctions.

**SO ORDERED.**

Date: 4/1/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HUNTER ALEXANDER
201044
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Financial Deputy Clerk

Electronic notice to IDOC

---

[1] Despite the Court's dismissal of this action, Mr. Alexander is still required to pay the $350.00 filing fee, as it is the filing of the case that triggers the obligation to pay a filing fee.